450 P.2d 987

**The STATE of Utah, Plaintiff and Respondent,**

**v.**

**Don C. FOX, Defendant and Appellant.**

No. 11236.

Supreme Court of Utah.

Feb. 20, 1969.

3. Garrett v. Ellison, 93 Utah 184, 188, 72 P.2d 449, 451, 129 A.L.R. 666 (1937).

4. Ross v. Leftwich, 14 Utah 2d 71, 377 P.2d 495 (1963).

Robert Van Sciver, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Joseph P. McCarthy, Lauren N. Beasley, Asst. Attys. Gen., Salt Lake City, for respondent.

HENRIOD, Justice:

Appeal from a fictitious check conviction. Affirmed.

Two points are presented on appeal, 1) that defense counsel was denied a right to cross-examine a checker employed at a local supermarket, with respect to an urged discrepancy incident to her in-court identification, and 2) that defendant was tried under the wrong statute.

No useful purpose would be served in documenting the number and nature of questions put, answers given, or counsel's colloquies (which were not exactly unprotracted). After examining the whole record, we are of the opinion that the trial court granted counsel a greater latitude in cross-examination than he need have done. This, under the rule that it is within the sound discretion of the trial

court to restrict the scope of such examination to some juncture short of tears or conniption.

The second point re misprision of accusation we consider to be technical, and without merit. Counsel urges that defendant erroneously was charged under Title 76–26–1, Utah Code Annotated 1953, which among many other things, points the finger of guilt feloniously at anyone "who, with intent to defraud * * * falsely makes * * * any * * * check * * * or utters * * * [as] genuine * * * any of the above-named false * * * matters * * * with intent to defraud."

The check allegedly written and cashed by the defendant at the supermarket was identified, as was the defendant, by the checker who cashed it, and by a bagger, who, apparently being somewhat suspicious, followed defendant out of the store and noted his license number, which information led to defendant's arrest and ultimate conviction by a jury.

The check was written on a blank piece of otherwise printed paper having the purported name of a local existing company, identified as such, in enlarged letters, accompanied by a local address, at least impliedly representing it to be the payor,— signed by one Ronald Bush. It was made payable to "David Adams," at the time defendant allegedly passed it, and there is no claim the defendant Fox claimed to be Adams.

Defendant's only claim of erroneous charging under the wrong statute is that the charge should have been laid under the provisions of Title 76–26–7. A casual reading of that section clearly reflects that it has to do with phoney checks wherein the falsity of the writing asserts the existence of a nonexistent company or corporation,—not of any existing company, as is the case here.

■ We think that the instant case, under the facts has little or no kinship to the authorities cited by defendant. We believe it is covered not only by the broad, but the specific provisions of Title 76–26–1, and so hold.

CROCKETT, C. J., and TUCKETT, CALLISTER, and ELLETT, JJ., concur.